Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12-cv-5113 | **DATE** | 01/14/13 |
| **CASE TITLE** | Lynch v. Chandler | | |

**DOCKET ENTRY TEXT**

Petitioner Tommie Lynch filed a petition for *habeas corpus* relief. Respondent Nedra Chandler moves to stay the petition or dismiss the petition without prejudice and with leave to refile. Based on the analysis below, Respondent's Motion [15] is granted. Petitioner's motion for a directed verdict [17] and motion for criminal and civil sanctions against Respondent's counsel [21] are denied. See statement below.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

     Petitioner Tommie Lynch filed a petition, *pro se*, for *habeas corpus* relief pursuant to 28 U.S.C. § 2254, on June 26, 2012. Lynch pleaded guilty in the Circuit Court of Cook County, Illinois, for failure to report as a sex offender; he was sentenced to four years of imprisonment. (Petition at 6, 9-10). Lynch provides in his *habeas* petition that he has been unlawfully imprisoned since February 28, 2012, the date he was supposed to be released on mandatory supervised release. (Petition at 1.) Lynch argues he remains unlawfully imprisoned because of a "non-judicially imposed 2 year term of MSR [mandatory supervised release] to his fully served sentence of imprisonment." (Petition at 2.) Specifically, Lynch argues he should be released immediately by writ of *habeas corpus* because he "was not aware that IDOC [Illinois Department of Corrections] imposed 2 year MSR term." (Petition at 5.) Respondent explains that Lynch, instead of being released on February 28, 2012, is serving his term of mandatory supervised release at the Dixon Correctional Center "due to the lack of a viable host site in the community." (Mot. to Dismiss at 1-2.) Lynch filed a state *habeas corpus* complaint in May 2012; but, this complaint was denied, and Lynch never filed a timely appeal of the state court's decision. (Respondent's Reply at 2-3.) Lynch might still attempt to exhaust his claim in state court, by filing a postconviction petition, which would need to be filed by October 20, 2013. (*Id.*) (citing 725 ILCS 5/122-1(c)).

     Now, Respondent moves to stay Lynch's petition or otherwise dismiss the petition without prejudice and with leave to reinstate the petition. Respondent relies upon 28 U.S.C. § 2254(b)(1)(A), which provides: "An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . . ." Respondent asserts Lynch has failed to exhaust his state-court remedies. Lynch submitted a response brief, where he explained that his *Ex Parte Sua Sponte* Emergence [sic] Motion for Directed Verdict *is* his response to Respondent's motion to dismiss. In the Response, Lynch appears to concede he has not exhausted his state-court remedies, yet argues "that exhaustion must be excused due to fundamental fairness & a fundamental miscarriage of justice would occur if the Court requires Ptr [sic] to exhaust claim due to his sentence expiring in it's [sic] entirety on 2.28.12." (Pet'r's Resp. at 1.) (emphasis in

original).

     Lynch acknowledges he has failed to exhaust his remedies at the state-court level but contends the exhaustion requirement be waived. Lynch provides no legal or even rational basis to support such a waiver; he merely claims that "Respondent's response is futile & unnecessary & would delay & potentially deny Ptr [sic] his <u>entitled Mandatory relief</u> of immediate release from Prison due to the Court's current briefing schedule." (Pet'r's Mot. for Directed Verdict at 1)(emphasis in original). This argument, without any factual or legal support, is insufficient to waive the exhaustion requirement. "If a petitioner fails to satisfy the exhaustion doctrine, he commits procedural default and waives his right to collateral review." *United States, ex. rel. Brown v. Dillon*, 872 F. Supp. 485, 487 (N.D. Ill. 1994). To avoid such default, a petitioner must either show cause for the default and actual prejudice resulting from it or show that a failure to consider his claims would result in a "fundamental miscarriage of justice." *Id.* (citations and quotations omitted). Here, Lynch has demonstrated neither, other than paying lip service to the "fundamental miscarriage of justice" requirement. Moreover, as mentioned above, Lynch is cautioned that he still has an opportunity to avoid default by filing a postconviction petition in state court. Accordingly, Lynch's petition is dismissed without prejudice and with leave to refile within thirty days of the conclusion of the state-court proceedings. Granting Respondent's motion "has the effect of a stay and does not act as a final judgment until the time specified by the court for reinstatement has expired." *Arrieta v. Battaglia*, 461 F.3d 861, 863 (7th Cir. 2006) (citing
*Balt. & Ohio Terminal Ry. Co. v. Wis. Cent. Ltd.*, 154 F.3d 404, 407-08 (7th Cir. 1998)).

     Finally, Lynch moves for sanctions against Respondent's counsel, claiming Respondent mischaracterized the record and "fail[ed] to recognize the applicable law as it applies to the facts of his Petition . . . ." (Mot. for Sanctions at 2.) To the contrary, an examination of the record of this case demonstrates Respondent's briefs accurately reflected the record and the arguments Lynch asserted. Thus, Lynch's Motion for Criminal and Civil Sanctions [21] is denied.